STATE, Respondent, v. STILL, Appellant.

(202 N. W. 479.)

(File No. 5536. Opinion filed February 27, 1925.)

1. **Rape—Criminal Law—Evidence—Testimony of Prosecutrix as to Effects of Drugs Given Her by Physician Accused of Rape, Competent.**

In prosecution of physician under Rape Statute, subd. 5, testimony of prosecutrix that she was dizzy, drowsy, and weak from drugs given her by accused, held competent, contention of state being that act was done without her consent, while she was too weak from drugs to resist.

2. **Rape—Criminal Law—Evidence—Proof Not in Variance with Information Under Fifth Subdivision of Rape Statute.**

Proof that prosecutrix was dizzy, drowsy, and weak from drugs given her by accused, and that she resisted with muscles

of legs and abdomen and pulled accused's hair, **held** not at variance with information as being under third subdivision of rape statute relating to force and violence overcoming resistance, where state elected to rely on fifth subdivision relating to nonresistance because of drugs administered.

**3.　Rape—Evidence—Witnesses—Prosecutrix's Story as to Circumstances of Alleged Rape Not Improbable.**

Prosecutrix's story as to how alleged rape occurred held not improbable, nor her actions subsequently contrary to common experience or unworthy of belief.

**4.　Rape—Verdict—Evidence—Verdict of Guilty for Rape Sustained.**

Evidence held to sustain verdict finding physician guilty under subdivision 5 of rape statute.

Appeal from Circuit Court, Jones County.

William H. Still was found guilty of rape in the second degree, and he appeals. Affirmed.

*G. M. Caster,* of Lake Andes, and *C. F. Manson,* of White River, for Appellant.

*Buell F. Jones,* Attorney General, for Respondent.

(1)　To point one of the opinion, Appellant cited: 22 R. C. L., Sec. 9, p. 1178; Croswell v. People, 13 Mich, 427, 87 Am. Dec. 774; Quinn v. State, 153 Wis. 573, 142 N. W. 510, 46 L. R. A. (N. S.) 422; State v. Lung, 21 Neb. 209, 28 Pac. 235, 37 A. S. R. 505; McQuick v. State, 84 Ala. 435, 5 A. S. R. 381; People v. Griffin, 117 Cal. 583, 59 A. S. R. 216; People v. O'Brien (Cal.), 62 Pac. 297; Harlan v. People, 32 Colo. 397, 76 Pac. 792; Whittaker v. State, 50 Wis. 521, 36 Am. Rep. 856, 7 N. W. 432; Commonwealth v. Burke, 105 Mass. 376, 7 Am. Rep. 531; Lewis v. State, 30 Ala. 54, 68 Am. Dec. 113.

Respondent cited: State v. McKinnon, 138 N. W. 523; 3 Wharton & Steele on Med. Jur., 4th Ed., Sec. 597; Hindes v. Arch Cr. Pl. & Pr. 167; Croswell v. People, 13 Mich. 427; Don Moran v. People, 25 Mich. 363; People v. Wann, 61 Pac. 776.

(2)　To point two, Appellant cited: State v. Vorey, 41 Minn. 134, 43 N. W. 324; State v. Stewart (S. D.), 157 N. W. 1046; State v. Williams (S. D.), 107 N. W. 830; Roth v. State (Wis.), 193 N. W. 650; People v. Dumar, 13 N. E. 325; Henderson v. State, 197 Pac. 722.

(3)　To point three, Respondent cited: Cooley v. State (Ala.), 62 So. 292; Williams v. State (Tex.), 114 S. W. 622;

State v. Felton, 51 Ia. 495; State v. Ralston, 139 Ia. 44; Paulson v. State, 118 Wis. 89; State v. Fritz, 44 S. D. 517; 22 C. J. p. 321.

DILLON, J.  The defendant was informed against for rape in the second degree under subdivision 5 of the rape statute (Rev. Code 1919, § 4092).  The information stated:

"That the defendant, William H. Still, did on the 25th day of May, 1922, in the county of Mellette and state of South Dakota, willfully and feloniously have involuntary sexual intercourse with one Mildred Linquist, being then and there a female and not the wife of said William H. Still, against the will and without the consent of said Mildred Linquist, she the said Mildred Linquist being then and there prevented from resisting the said act of intercourse by reason of certain unknown intoxicating, narcotic, or anaesthetic drugs administered to her by the said William H. Still."

On May 23, 1922, prosecutrix, accompanied by her sister, visited the office of the defendant to obtain a medical examination and medical advice.  Defendant gave prosecutrix a prescription to have filled.  Later at the drug store he filled this prescription himself and gave it to the prosecutrix.  May 25, 1922, prosecutrix again visited the defendant's office, when he gave her an injection in her right arm which contained 1-50 grain strychnine, 1-30 grain digitalin and 1-8 grain morphine, which he said would put her to sleep, and when she awakened he would accompany her to her sister's home.  He assured her sister she would be safe in his care.

Defendant testified that about 8 o'clock the prosecutrix awoke bright and clear mentally.  He continued his examination.  He asked her to remove her clothing from shoulder to waist and moved the cot from the wall so as to examine her and insert a speculum.  During this time the prosecutrix and defendant were alone in the defendant's office.

The prosecutrix testified that about 3 o'clock on May 25, 1922, an injection was given her by defendant.  About 8 o'clock she awoke and was drowsy, dizzy, and physically weak. At this time the defendant committed the act charged athough she resisted by the use of the muscles of her abdomen and legs and by

pulling his hair and crying out. He put his hand on her mouth to prevent outcry. Afterwards he helped her dress and accompanied her part of the way to her sister's house, where she immediately went to bed and felt dizzy and drowsy for the following two days. She returned to the defendant's office for further treatment. She asked that her mother be brought to her, and, upon her mother's arrival, she told her of the act of the defendant and also wrote of this act to her father in Omaha. The defendant, when accused by the prosecutrix's mother and two brothers of the crime charged, made no denial. When accused of the crime by the prosecutrix's father and three brothers and when they demanded $5,000 settlement, he "said nothing."

The following rule is stated in 3 Wharton & Steele on Med. Jr. (4th Ed.), § 597, cited in note, 80 Am. Dec. 361:

"If the woman's will is affected by the [administration of] anaesthetic so that the connection is had without her consent, though she may be more or less conscious, the act will be rape."

And in Hindes v. Ottawa Circuit Judge, 180 Mich. 326, 146 N. W. 648, 52 L. R. A. (N. S.), 376, that court says:

"If ability to resist is taken away by the administration of the drugs, even though the woman may be conscious, sexual intercourse with her is rape."

The degree of force required depends upon the circumstances in each case. Harlan v. People, 32 Colo. 397, 76 P. 792, says in part:

"A very little force would be required to overcome possible resistance of a woman" under the influence of, or "recovering from the effects of chloroform, while a great deal might be required to remove the resistance of a robust and active woman."

The record discloses that at the defendant's request, he was granted a change of venue from Mellette county to Jones county, where the trial took place, and it does not appear that there existed any bias or prejudice against the defendant in the trial of said case.

[1] The defendant denied the act of sexual intercourse with the relatrix. The effects of the drugs constituted competent evidence against the defendant, it being claimed by the prosecutrix that she was thereby made dizzy, drowsy, and physically weak by taking of such drugs. The state contends that the act was com-

mitted without prosecutrix's consent, while she was too weak from the use of drugs and narcotics to either mentally or physically resist the advances of the defendant.

[2] We think the contention of the defendant is without merit. Defendant's next contention is that there was a variance between the pleading and proof, because if rape was proven at all, is was under the third subdivision of the rape statute. "Where she resists, but resistence is overcome by force or violence." This contention cannot be sustained. The state clearly elected to rely on the fifth subdivision of the rape statute, viz., "where she is prevented from resisting by any intoxicating, narcotic or anaesthetic agent, administered by or with the privity of the accused."

In substantiating the allegations, it was necessary to prove that the crime was committed by reason of administering to the prosecutrix intoxicating, anaesthetic, and narcotic drugs, which prevented prosecutrix from resisting. It appears that the prosecutrix knew what the defendant was attempting and observed all that the defendant did. This record clearly discloses that the prosecutrix gave full information to the members of her family almost immediately after the alleged offense was committed. It also appears that there could have been no connivance or combination between the state's witnesses to unjustly secure a conviction of the defendant, especially, in view of the corroboration on every material allegation of the information.

[3, 4] We do not agree that this was any variance in the proof from the allegations alleged, nor can we agree that the prosecutrix's story of what occurred is improbable, and that her acts at the time of the alleged crime and subsequent thereto are contrary to common experience and were not worthy of belief. We hold that there is ample evidence in this record to sustain the information against the defendant under subdivision 5 of the rape statute.

There is evidence that the prosecutrix was weakened by the administration of intoxicating, anaesthetic, and narcotic drugs, and the jury evidently considered such facts as clearly proven. We have thoroughly examined the assignment of errors in reference to the charge requested by the defendant to be given to the jury, and those given to the jury by the court and failed to discover any errors in either the giving of instructions or those refused by

the court. We are satisfied that the defendant had a fair and impartial trial before the jury.

The order denying the motion for a new trial is affirmed.

ANDERSON, J., not sitting.

SHERWOOD and GATES, JJ., concur in result.