STATE of South Dakota, Plaintiff and Appellee,

v.

Charles A. GALATI, Defendant and Appellant.

No. 14631.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1985.

Decided March 27, 1985.

---

Robert B. Vrooman, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Timothy J. Vander Heide of Bakewell, Hauge & Vander Heide, Custer, for defendant and appellant.

MORGAN, Justice.

A jury convicted Charles Galati (Galati) on one count of attempted rape in the first degree, pursuant to SDCL 22–22–1(3) and SDCL 22–4–1(4). Galati was sentenced to ten years in the South Dakota State Penitentiary, with six years conditionally suspended. He appeals from the judgment of conviction and we reverse and remand.

Galati, 25-years-old, and the victim, 16-years-old, were guests at a "senior class" party. The victim became intoxicated and passed out in the living room. She was taken to a bedroom where she could rest undisturbed. The host and a guest later went to the bedroom to check on her condition and discovered Galati attempting to have sexual intercourse with the unconscious victim. The host called the victim's father, who arrived and took his unconscious daughter to a hospital where bruises were found on her groin. When the victim awoke the next day, she did not remember

any of the prior evening's events except that she was certain she did not consent to, nor indicate that she desired, sexual intercourse with Galati.

Galati was eventually charged with attempted rape in the first degree under SDCL 22–22–1(3) and 22–4–1(4). Despite his assertion and testimony at trial that the victim consented to sexual intercourse with him, Galati was convicted of the charge. He raises four issues on appeal, the first of which is dispositive; whether the trial court, erred when it failed to direct a verdict of acquittal upon the State's failure to prove that the intoxicating agent was administered by or with the privity of the accused.

State concedes error on this issue and acknowledges that the prosecutor and the trial court misconstrued SDCL 22–22–1(3). While we are not bound by the State's concession, we agree that the statute was misconstrued and that reversal is required. The statute under which Galati was charged, tried and convicted, SDCL 22–22–1(3), reads, in pertinent part:

Rape is an act of sexual penetration accomplished with any person other than the actor's spouse ...

. . . .

(3) Where the victim is incapable of giving consent because of any intoxicating, narcotic or anesthetic agent, or because of hypnosis, administered by or with the privity of the accused[.]

The prosecution and the trial court believed the phrase "administered by or with the privity of the accused" applied only to hypnosis. In orally ruling on Galati's motion for acquittal, the trial judge stated his belief that a defendant who commits an act of sexual penetration with a person who is incapable of giving consent because of intoxication may be charged with and convicted of first-degree rape, whether or not the defendant, or a person in privity with the defendant, administered the intoxicating agent.

Galati argues and State now concedes that the phrase "administered by or with the privity of the accused" relates back as a condition to each agent set out in the statute which might render a person unable to give consent. As Galati and State interpret the statute, a defendant may not be convicted of first-degree rape, or attempted rape in the first degree, under SDCL 22–22–1(3) unless the defendant commits an act of sexual penetration with a person other than defendant's spouse who is incapable of giving consent because of an intoxicating agent which was administered by the defendant or another person who was in privity with defendant.

■■■■ Statutory analysis begins with the language of the statute and absent a clearly expressed legislative intent to the contrary that language must ordinarily be considered conclusive. *Consumer Product Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). Courts may not interpret or construe a statute in a manner inconsistent with the plain language employed by the legislature. *Ford Motor Credit Co. v. Cenance,* 452 U.S. 155, 101 S.Ct. 2239, 68 L.Ed.2d 744 (1981). Judicial interpretation of a statute that failed to acknowledge its plain language would amount to judicial supervision of the legislature.

■■■ This court has noted that application of the "ejusdem generis" rule to statutory analysis requires that when an enumeration of specific things is followed by a more general phrase, the general phrase applies or refers to things of the same kind as previously enumerated. *State v. Fairbanks,* 65 S.D. 272, 273 N.W. 188 (1937). A comma separating a modifying clause in a statute from the immediately preceding clause is an indication that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one. *Lewis v. Annie Creek Mining Co.,* 74 S.D. 26, 48 N.W.2d 815 (1951).

■■■ There is no logical basis for an argument that the legislature sought to make it a crime to rape an intoxicated person, regardless of who administered the intoxicating agent, but sought to protect defendants who rape a hypnotized person

as long as the defendant did not administer the hypnosis. For that matter, we fail to see either a reasonable or a logical basis for protecting any defendant from a rape charge where the victim cannot consent for any of the reasons enumerated in the statute because the agent which caused the victim's condition was not administered by the defendant or by a person in privity with the defendant. But courts must apply the law as the legislature enacted it. *State v. Washburn*, 244 Minn. 269, 28 N.W.2d 652 (1947). This court must search for the legislative intent as shown by what the legislature said, rather than by what it should have said or might have said. *Elk Point Ind. Sch. Dist. No. 3 v. State Com'n on E. & S. Ed.*, 85 S.D. 600, 187 N.W.2d 666 (1971); *National College of Business v. Pennington County*, 82 S.D. 391, 146 N.W.2d 731 (1966). If the terms of a statute are plain and clear in their meaning, this court's function is to give them effect and not to amend the statute in order to avoid or produce a particular result. *Elfring v. Paterson*, 66 S.D. 458, 285 N.W. 443 (1939).

In 1975, South Dakota's rape statutes, including SDCL 22–22–1(3), were recodified for two basic reasons: (1) the rape laws were neutered to render them nongendered, and (2) the language was changed to ensure that the defendant was tried rather than the victim. Consent, rather than resistance, became the primary factual issue. The prior statute read, in pertinent part:

> Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator under either of the following circumstances:
>
> . . . .

> Where she is prevented from resisting by any intoxicating, narcotic, or anaesthetic agent administered by or with the privity of the accused[.]

The 1975 revision also added hypnosis to the list of debilitating agents that might affect a person's capacity to give knowledgeable consent.

There is no reason to assume the legislature, by inserting hypnosis, intended to remove the element which required a showing that intoxicating, narcotic or anesthetic agents must have been administered by or in privity with the accused in order to warrant a conviction under SDCL 22–22–1(3). It is clear that prior to 1975, the statute required that a person who had intercourse with an intoxicated person could not be convicted without a showing that the accused or someone in privity with him administered the intoxicating agent.[1] *State v. Still*, 48 S.D. 126, 202 N.W. 479 (1925); *see State v. Martinez*, 88 S.D. 369, 220 N.W.2d 530 (1974). There is no reason to believe the legislature intended to eliminate the administration requirement from the agents formerly listed and apply it only to hypnosis.

■ We regretfully hold that South Dakota's statutory definition of rape does not protect persons incapable of consenting to an act of sexual penetration because of an intoxicating, narcotic, or anesthetic agent, or because of hypnosis, unless the agent or hypnosis was administered by or with the privity of the accused. We leave it to the legislature to correct this hiatus.[2]

■ At trial, Galati made a motion for judgment of acquittal;[3] he now appeals from the trial court's denial of that motion. On appeal, this court's review of a trial

---

**1.** The elements listed in the South Dakota Criminal Patterned Jury Instruction 3–7–440a require that the victim be rendered incapable of giving consent because of an intoxicating agent administered by or with the privity of the defendant.

**2.** The 1985 South Dakota Legislature amended subsection (3) of SDCL 22–22–1 as follows:

(3) Where the victim is incapable of giving consent because of any intoxicating, narcotic ... or anaesthetic agent, or hypnosis[.]

**3.** After the State presented its evidence, Galati made a motion for judgment of acquittal based on the State's failure to produce any evidence on an essential element of the charge, specifically, whether Galati or someone in privity with him administered the intoxicating agent to the victim.

court's ruling on a motion for judgment of acquittal requires a determination of whether the evidence was sufficient to justify the verdict. *State v. Kaseman,* 273 N.W.2d 716 (S.D.1978); *State v. Nelson,* 80 S.D. 574, 129 N.W.2d 54 (1964). *See* SDCL 23A–23–1, –4. The record supports Galati's motion for directed verdict of acquittal. It is utterly devoid of any evidence that Galati, or any person in privity with him, administered the intoxicating agent to the victim. Administration of the intoxicating agent by or with the privity of the accused is an element of SDCL 22–22–1(3), the statute under which Galati was charged, and the State failed to introduce evidence and carry its burden on this element.

We hold that the trial court erred in overruling Galati's motion for acquittal. We reverse the conviction and remand with instructions to enter a judgment of acquittal.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.