STATE of South Dakota, Plaintiff and Appellee,

v.

Wilbert OHLMANN, Defendant and Appellant.

No. 16396.

Supreme Court of South Dakota.

Considered on Briefs April 28, 1989.

Decided Aug. 2, 1989.

M. Bridget Ryan, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Robert A. Sambroak, Jr., Kadoka, for defendant and appellant.

PER CURIAM.

## ACTION

Wilbert Ohlmann (Ohlmann) appeals his sentence for the offense of possession of big game during a closed season. We reverse and remand for resentencing.

## FACTS

Early one morning in March 1988 Ohlmann killed two deer standing on a highway when he hit them with the vehicle he was driving. Ohlmann pulled the two deer to the roadside and proceeded on his way. On his return trip, Ohlmann picked up the two deer and took them home where his father slaughtered them.

Ohlmann's actions were discovered by law enforcement and Ohlmann was subsequently charged with two counts of hunting or possession of big game during a closed season (SDCL 41–8–2) and one count of failure to report an accident (SDCL 32–34–7). Pursuant to a plea bargain, Ohlmann pled guilty to one count of possession of big game during a closed season and State dismissed the remaining charges.

Ohlmann was sentenced under the mandatory sentencing provision of SDCL 41–8–18 to thirty days in the county jail and a fine of $250 plus costs. Twenty-seven days of the jail sentence were suspended on the conditions that Ohlmann pay the fine and costs and have no hunting violations for one year. Ohlmann's hunting privileges were also revoked for one year. Execution of Ohlmann's sentence was stayed pending his appeal to this court.

## ISSUE

■ Is the mandatory sentence contained in SDCL 41–8–18 for unlawfully "hunting or taking" big game applicable to the offense of unlawful "possession" of big game?

Ohlmann was charged with violating SDCL 41–8–2:

> Except as otherwise expressly provided, no person shall pursue, *hunt, take, possess,* shoot at, kill, wound, or capture any big game animal within the limits of this state at any time. (emphasis added).

Violation of this provision is a Class 1 misdemeanor. SDCL 41–8–18. SDCL 41–8–18 also contains a mandatory sentence for violation of SDCL 41–8–2 and provides in pertinent part:

> Upon conviction of any person for *hunting or taking* big game, except wild turkey, during the nighttime, during a closed season or without a license, the court shall revoke that person's hunting privileges for a period of one year, and impose a fine of not less than two hundred fifty dollars for each animal involved and that person shall be required to serve a minimum of three days in the county jail. (emphasis added).

During his arraignment and prior to formal entry of his plea, Ohlmann made it clear that he was pleading guilty to "possession" of big game but denied having "hunted" or "taken" game. Based upon this plea, Ohlmann resisted application of the mandatory sentencing provision of SDCL 41–8–18 because by its terms it applies only to convictions for "hunting or taking" big game. The trial court rejected this contention finding the mandatory sentence applicable to any violation of SDCL 41–8–2 including "possession" of big game. Therefore, the trial court sentenced Ohlmann according to the requirements of the mandatory sentence.

On appeal, Ohlmann again challenges application of the mandatory sentencing provision arguing that it is applicable only to violations of SDCL 41–8–2 involving the "hunting or taking" of big game and not offenses involving "possession" of big game. We agree.

This court has previously held that statutes are to be accorded their plain meaning and effect. *State v. Schnaidt,* 410 N.W.2d 539 (S.D.1987); *State v. Galati,* 365 N.W.2d 575 (S.D.1985). "If the terms of a statute are plain and clear in their meaning, this court's function is to give them effect and not to amend the statute in order to avoid or produce a particular result." *Galati,* 365 N.W.2d at 578. The mandatory sentencing provision of SDCL

41–8–18 is clear and unambiguous on its face. By its terms, it applies to violations of SDCL 41–8–2 involving the "hunting or taking" of big game. There is nothing in the language of the provision indicating a legislative intent to extend its application to violations of SDCL 41–8–2 involving "possession" of big game and we decline to so read the statute.

Moreover, mandatory sentencing provisions such as that contained in SDCL 41–8–18 are highly penal in nature. Often their application results in imposition of a sentence that is more severe than one that a trial court would impose in the ordinary exercise of its sentencing discretion. Therefore, like habitual offender sentencing provisions, we hold that mandatory sentencing statutes should be strictly construed and applied. *See State v. Grooms,* 339 N.W.2d 318 (S.D.1983).

Based upon the foregoing, we hold that the mandatory sentencing provision of SDCL 41–8–18 is applicable only to those violations of SDCL 41–8–2 involving the "hunting or taking" of big game. Since Ohlmann pled guilty only to "possession" of big game, it was error for the trial court to rely on the mandatory sentencing provision in imposing his sentence.

■ State argues that it was impossible for Ohlmann to "possess" the game without first having "taken" the game. According to State it follows that Ohlmann did "take" big game in violation of SDCL 41–8–2 and is subject to the mandatory sentence. We disagree.

Nowhere in SDCL ch. 41–8 (Hunting and Trapping Seasons) or SDCL Title 41 (Game, Fish, Parks and Forestry) is the word "take" used in SDCL 41–8–2 defined. Although words used by the legislature are normally presumed to convey their ordinary, popular meaning this presumption yields when the context or the legislature's apparent intention justifies departure from the ordinary meaning. *State v. Big Head,* 363 N.W.2d 556 (S.D.1985). In this instance, State chooses to use a broad, dictionary definition of the word "take" which we do not believe to have been intended by the legislature.

Throughout the provisions of SDCL Title 41 (Game, Fish, Parks and Forestry) and particularly in SDCL ch. 41–8 (Hunting and Trapping Seasons) the word "take" is used in conjunction with hunting and trapping. In SDCL 41–1–1(7) "hunt or hunting" is defined to include, "shooting, shooting at, pursuing, taking, attempting to take, catching or killing of any wild animal or animals[.]" SDCL 41–1–1(9) also defines "trapping" to include, "the taking or the attempting to take of any wild animals by means of setting or operating of any device, mechanism or contraption that is designed, built or made to close upon, hold fast, or otherwise capture a wild animal or animals." Based upon the context in which the word "take" is used in the foregoing provisions, we do not believe that it was the intent of the legislature to charge the driver of an automobile who happens to run down and kill a game animal with the offense of unlawfully "taking" big game. We are even less able to accept the proposition that the driver is subject to imposition of the mandatory sentence because he picks up the road killed animal and slaughters it. If that were the intent of the legislature, it could easily have said so by adding "possession" to the statute. Therefore, we reject the contention that Ohlmann is guilty of unlawfully "taking" big game.

Because it is clear that the trial court was controlled in the exercise of its sentencing discretion by an erroneous application of the mandatory sentencing provision of SDCL 41–8–18, we reverse Ohlmann's sentence and remand to the trial court for resentencing.