## JOHN J. MILES v. STATE.

No. 25,722. March 12, 1952.
Rehearing Denied April 16, 1952.

Hon. A. O. Newman, Judge Presiding.

*Senterfitt, Crump & Jameson,* by *William S. Jameson,* San Saba, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The conviction is for the indecent handling of a minor's sexual parts; the punishment assessed is confinement in the state penitentiary for two years.

It is alleged in the indictment that the appellant "in the County of Brown and State of Texas, did then and there unlawfully, with lascivious intent, intentionally place his hand upon and against the sexual part of Artie Fisher, a male then and there under the age of fourteen years."

The facts in the case show that the boy was working in a bowling alley in the town of Brownwood on the night in question and was engaged at such time in reading a book on history,

his duties, however, being as a "pin setter" but at the instant time there was no business in the alley in which he was working. The appellant came up, sat down close to the boy and asked him what he was reading, and the boy told him. After he had some conversation with the boy which was rather lewd, appellant invited him to go out with him for the purpose of seeing two women. He also asked the boy as to the size of his male organ. It seems that the boy became frightened, and just about that time the lights in the bowling alley went off and left them in the dark. Appellant then reached his hand around and grabbed the boy's male organ which was inside his pants at the time. The appellant's flesh did not touch the flesh of the boy, but his hand did grast his male organ within his trousers. Soon thereafter, the lights came on again, whereupon the boy left the company of appellant and told the man for whom he was working what had happened.

This case was submitted to the jury under the law of circumstantial evidence, and it is contended by the appellant that the evidence is not sufficient to show that he placed his hand upon and against the sexual part of the complaining witness. His contention boils down to the proposition that, although the statement of the witness is true, still appellant never put his hand upon the person of the child, and that under the testimony it can only be shown that he put his hand upon the trousers which covered the male organ of this boy.

This prosecution arose and was maintained under Article 535d, Vernon's Penal Code, the portion here applicable being as follows:

"It shall be unlawful for any person with lascivious intent to intentionally place or attempt to place his or her hand or hands, or any portion of his or her hand upon or against a sexual part of a male or female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to intentionally place or attempt to place his or her hands or any part of his hand or hands upon the breast of a female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years."

It will be noticed that there is nothing in the statute suggesting that the crime there denounced could be committed only by the application of the bare hand of the accused to the bare

or naked sexual part of the child. This court, under the guise of statutory construction, cannot write into the statute that which obviously is not contained therein. The conclusion expressed, therefore, is that the instant facts show a violation of the statute mentioned. This conclusion renders untenable appellant's contention that the facts here presented show only an attempt.

What we have heretofore said disposed of appellant's Bills of Exception Nos. 2, 3 and 5.

Bill of Exception No. 4 is concerned with the charge to the jury relative to whether or not this act of appellant complained of was an intentional act. We have searched the record and find nowhere therein any testimony offered relative to the unintentional touching of this part of the boy's body by the appellant, but merely find a denial of such touching.

Bill of Exception No. 6 relates to the charge on the lascivous intent with which this claimed offense must necessarily be committed.

The requested charge relative to such intent was covered by the court's general charge in two paragraphs wherein, in each instance, the jury were told that before a conviction could be had, it must be shown that the act complained of was done with a lascivious intent as that term is defined in the case of Slusser v. State, 155 Tex. Cr. R. 228, 232 S.W. (2d) 727.

Bill of Exception No. 7 complains of the argument of the district attorney as follows:

"If the defense theory or interpretation of the Statute is correct whereby they contend that before you can find a man guilty of placing his hand upon and against the sexual parts of a minor under fourteen (14) years, then a man such as John J. Miles would be permitted to assault our youth and tear the clothes from the body of some little girl before he could come in contact with the sexual parts."

This argument was invited and was in answer to certain argument upon the part of the appellant's attorney, as shown by the bill itself, as being "in response to argument of defense counsel that the offense charged has not been proven by the State because there was no actual contact between the hand of the defendant and any sexual part of the said Artie Fisher."

We think this argument was invited by the defense counsel, according to his own bill.

Finding no error presented in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant forcefully contends that we were in error in our original opinion, wherein we said that we had found no testimony as to an unintentional touching of the genital portion of the boy's body. Our attention is directed to the following excerpt from appellant's testimony:

"I did not, either at the time I handed the book back to Artie Fisher, or any other time, put my hand anywhere about his private. I handed the book back to him and the lights went out, and I stepped back to the back of the seat. It could have happened that I touched that boy as I handed the book back to him, but I deny that I grabbed hold of him anywhere, or touched him about his sex part. I did not at any time make any attempt to place my hand anywhere about his person, or his sex part."

We find that appellant's defense of unintentional touching was covered by the court's charge. The court required a finding that the act was intentionally done, and then charged the jury as follows:

"If you believe from the evidence that the defendant, John J. Miles, placed his hand upon and against the sexual part of Artie Fisher, a male person under the age of 14 years, if he did so place his hand, through an accident or mistake, then you will acquit the defendant, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

In interpreting the statute in question, we made an earnest effort to delineate that conduct which would make one guilty of "placing one's hands" from the conduct that would make one guilty of "attempting to place one's hands." This, we did not do to appellant's satisfaction. We think the case at bar demonstrates both types of conduct. Quoting from the testimony of the boy,

"A. He made two grabs or attempts to grab me in the region of my private.

"Q. One time when he grabbed your penis and the other time when he grabbed your comb (which was evidently in his pants' pocket) ? A. Yes, sir."

The time he grabbed the penis, the accused "placed his hands."

The time he grabbed the comb, the accused "attempted to place his hands."

This, we think, was the logical construction to be given the wording of the statute.

It is apparent, from the bill of exception relating to the argument of the district attorney, that appellant's counsel had given the jury his view of how the statute in question should be interpreted. In answer thereto, the district attorney gave the jury his views as to the consequences which would follow if appellant's interpretation of the law should prevail.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.