[Crim. No. 6001.   Second Dist., Div. One.   Mar. 24, 1958.]

THE PEOPLE, Respondent v. JOSEPH BENJAMIN
ELLIOTT, Appellant.

William Bronsten, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction on two counts of an information wherein the appellant was charged with violating the provisions of section 288 of the Penal Code, and from the order denying appellant's motion for a new trial.

In an information filed in Los Angeles County it was charged that the appellant did, on or about September 28, 1956, commit a lewd and lascivious act upon and with the body of a 7-year-old boy; and in count II thereof it was charged that appellant did, on or about September 30, 1956, commit a similar act upon and with the body of an 8-year-old girl. It was also charged that the appellant had suffered a prior conviction of violating the same provisions of the Penal

Code and served a term in prison therefor. At the arraignment the appellant pleaded not guilty to each count and denied the prior conviction. A representative of the office of the public defender appeared for the appellant during the trial. At the start of the trial at the bench, outside the hearing of the prospective jurors, the defendant admitted the prior conviction as alleged.

A résumé of the facts is as follows: On a Friday in September, 1956, the appellant rented a room from Mrs. Nella Moore in Lynwood, and moved into it on that, or the next day. Mrs. Moore was caring for her grandson, aged about 7 years, the boy victim, and another child, aged about 8½ years, the girl victim. The two victims, with another child, were in the house when Mrs. Moore started to make up the appellant's bed. Mrs. Moore left the room, which the appellant was to occupy, and went to her home on the front part of the lot to get some blankets and sheets. The boy victim was talking to the appellant as Mrs. Moore left the room and the appellant then gave the lad some gum and cards. The appellant put the boy on his lap, took the child's hand and placed it on his penis and moved it back and forth. Such course was continued until appellant saw Mrs. Moore returning to the room, whereupon appellant got up and sat upon his bed. The other children were playing in the backyard while the boy was on appellant's lap.

On the Sunday following the day appellant moved into the room which he had rented, the little girl victim's mother brought her to Moore's house on the front part of the lot, to be with Mrs. Moore. Appellant was seated on a divan in Mrs. Moore's house watching a television program. While he and the child were alone in the room, appellant called the little girl over to him from the floor where she was and pulled her onto his lap. She attempted to wriggle away but he tightened his hold upon her and put his hand under her dress and commenced rubbing her private parts. The appellant continued this course until Mrs. Moore returned to the room.

A police officer, in the course of the investigation talked with appellant and read to him the complaint which had been filed. The appellant stated in substance that he had placed the girl child upon his lap during the television program; that he had felt her hand fall upon his penis through his clothing and that he had then moved the child over to his other leg to the end that it would not occur.

Appellant first contends that the court erred in failing to give the following instructions:

(1) A cautionary instruction where a child is involved;

(2) One that specific intent is required in a sex case;

(3) One concerning a statement or confession of an accused; and

(4) One on impeachment of witnesses.

Secondly, appellant contends that he did not have effective aid of counsel, and lastly, that he was not sentenced in conformity with section 5512, Welfare and Institutions Code.

The following instruction was given by the court:

"It is not essential to a conviction in this case that the testimony of the prosecuting witness be corroborated by other evidence, provided that from all the evidence you are convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt. However, a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution." It appears that a proper and sufficient cautionary instruction was given by the trial court. (See *People* v. *Putnam*, 20 Cal.2d 885 [129 P.2d 367]; *People* v. *Wilder*, 151 Cal.App.2d 698 [312 P.2d 425]; *People* v. *Trolinder*, 121 Cal.App.2d 819, 824 [264 P.2d 601].)

Next considering appellant's contention that an instruction concerning specific intent to commit the offense in question should have been given. The defendant did not take the witness stand and testify in his own behalf. The very nature of the acts testified to by the boy and the girl were such as to preclude the possibility that such acts complained of were committed innocently, and the question for the jury was whether the acts described by the complaining witnesses were or were not committed. The appellant made no request for any particular instruction on intent, nor does he set forth in his appeal what specific instruction should have been given. The court did, at the request of the People, instruct that: "Every person who wilfully and lewdly commits any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child is

guilty of a crime''; and ''It is not necessary in committing the crime charged against the defendant in the information that the bare skin of the minor be touched. The touching, fondling, rubbing or feeling of the body, members or private parts of a minor under the age of 14 years, with the intent of arousing, appealing to and gratifying the lusts, passions and sexual desires of either the minor or the accused, constitutes the offense charged, even though such touching, fondling, rubbing or feeling was through the clothing of the minor.''

In our opinion, the instructions given suffice under the circumstances of this particular case. (See *People* v. *Kearney,* 20 Cal.2d 435, 439 [126 P.2d 612]; *People* v. *Booth,* 111 Cal. App.2d 106, 108 [243 P.2d 872].)

Appellant next contends that it was reversible error to refuse to give the rejected instruction regarding a confession or admission. The appellant made no confession, and the only matter in the record which might be termed an admission was the testimony of the officer to the effect that the appellant told him that he had the little girl on his lap in the room watching a television show and that he felt her hand on his penis through his clothing and that he moved her over to his other leg so that it would not occur. It may be that the statement would constitute an oral admission, and if so, a cautionary instruction should have been given (Code Civ. Proc., § 2061, subd. 4). However, it is no ground for a reversal in the instant case. When the testimony of the two complaining witnesses is considered and the corroboration therefor, together with the fact that no defense was offered thereto, the probability that a different result would have been reached in the trial court had such an instruction been given is extremely remote. (See *People* v. *Koenig,* 29 Cal.2d 87, 94 [173 P.2d 1]; *People* v. *Clark,* 117 Cal.App.2d 134, 140 [255 P.2d 79].)

Appellant's last contention in the matter of instructions is that the jury was not properly instructed as to the impeachment of a witness. The court gave substantially all of CALJIC No. 52-Alternate, and in our opinion this was sufficient. (See *People* v. *Granados,* 49 Cal.2d 490, 497 [319 P.2d 346].)

Considering appellant's contention that he lacked effective and competent representation, the record in this case belies the appellant's assertion. The representative from the public defender's office was diligent and did everything within reason properly to present the appellant's defense.

■ Appellant's last contention is that there was an impropriety in the proceedings in which he was sentenced. After the verdicts of the jury were returned, the judge appointed three doctors to examine the appellant and submit their reports, and further, ordered a probation officer's report, and set a date for the hearing to determine whether the appellant was a sexual psychopath. A hearing was held and the court found that the appellant was a probable sexual psychopath and ordered him committed to a state hospital for observation and diagnosis, pursuant to section 5512, Welfare and Institutions Code. The original proceedings were then adjourned.

Within the 90-day period the medical director and supertendent of the hospital filed his opinion stating that the appellant was a sexual psychopath but would not benefit by care and treatment in a state hospital and was a menace to the health and safety of others. The appellant was returned to court for further proceedings. The criminal proceedings were reinstated and the court found that the appellant was a sexual psychopath but would not benefit by care in a state hospital and was a menace, and sentenced him to the state prison. Appellant seems to assert that upon his return from the hospital he was entitled to a hearing as to the propriety of certifying him to a state hospital for treatment.

The pertinent part of section 5512, Welfare and Institutions Code, reads as follows:

"If the superintendent of the hospital or person in charge of the county facility reports to the committing court that the person is a sexual psychopath but will not benefit by care or treatment in a state hospital and is a menace to the health and safety of others, the court shall then cause the person to be returned to the court in which the criminal charge was tried to await further action with reference to such criminal charge. Such court shall resume the proceedings and shall impose sentence or make such other suitable disposition of the case as the court deems necessary. If, however, such court is satisfied that the person is a sexual psychopath but would not benefit by care or treatment in a state hospital and is a menace to the health and safety of others, it *may* recertify the person to the superior court of the county. If the superior court, after hearing, finds that the person is a sexual psychopath but would not benefit by care or treatment in a state hospital and is a menace to the health and safety of others, it shall make an order committing the person for an indefinite period to the Department of Mental Hygiene for placement in a state insti-

tution or institutional unit for the care and treatment of sexual psychopaths designated by the court and provided pursuant to Section 5518. At such hearing or hearings, the person shall be entitled to present witnesses in his own behalf, to be represented by counsel and to cross-examine any witnesses who testify against him. The person shall remain in such institution or institutional unit until he is no longer a menace to the health and safety of others. Thereupon, the proceedings set forth in Section 5517 shall be followed with respect to the certifying of an opinion to the committing court and the release of the person thereby.'' (Emphasis added.)

Under the circumstances the trial court has the choice of passing sentence or of making ''other suitable disposition of the case.'' The judge in this case elected to impose the sentence and we believe properly so.

If there was any error in the instructions such error did not influence the verdicts which were returned in this case, the appellant was represented by competent counsel at all times during the trial, and the sentencing procedures were proper under the law.

The judgment and the order appealed from are, and each is, affirmed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied April 8, 1958, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1958.