STATE OF NEBRASKA, APPELLEE, v. HOWARD EDWARD REICH, APPELLANT.

183 N. W. 2d 223

Filed January 22, 1971. No. 37538.

Craig F. Swoboda, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

After conviction for violation of section 28-929(2), R. R. S. 1943, for the indecent fondling or massaging of the sexual organs of a girl of the age of 10 years, the defendant was sentenced to an indeterminate period of 3 to 5 years in the Nebraska Penal and Correctional Complex. He appeals. We affirm the judgment and sentence of the district court.

No purpose would be served by a detailed recital of the facts and circumstances or the names of the witnesses involved in this unfortunate incident concerning a 10-year-old girl. Except for the defendant's complaint that the sentence is excessive, his appeal boils down to the contention that because the little girl, who was the victim in this case, had on shorts and there is no evidence that the defendant got his hand under the shorts she was wearing at the time; and that therefore there was no fondling or massaging of the sexual organs within the meaning of the statute. The statute simply says, "whoever shall fondle or massage in an indecent manner the sexual organs of any * * * girl under the age of sixteen years * * *." § 28-929(2), R. R. S. 1943. The statute requires that the fondling or massaging be in an "indecent" manner. The defendant concedes, and indeed it could not be argued, that the court's instruction on this essential element was correct. The court instructed the jury that: "By 'indecent' is meant unbecoming, immodest or obscene. 'Fondle' means to caress or stroke tenderly. 'Massage' means to rub or knead."

The defendant asks us to read into the statute a meaning and a requirement that the massaging and the fondling referred to in the statute requires that it be on the naked body of the victim of the offense. While penal statutes must be construed strictly, it is not proper to give them a strained or an unnatural construction. They should be construed so as to give effect to the plain meaning of the words employed, and where of doubtful meaning, or application, the court should adopt the sense that best harmonizes with the context and the apparent policy and objects of the Legislature. State v. Stapel, 103 Neb. 135, 170 N. W. 665. It is apparent that the statute was not intended to protect only unclothed small girls or permit the accomplishment of the act sought to be prohibited by the statute as long as they were performed on a clothed girl victim. A like contention was made in People v. Elliott, 158 Cal. App. 2d 623, 322 P. 2d 1029, where the defendant was charged with committing a lewd and lascivious act upon and with the body of a 7-year-old boy and also with committing a similar act upon and with the body of an 8-year-old girl. At request of the People, the trial court instructed: " 'It is not necessary in committing the crime charged against the defendant in the information that the bare skin of the minor be touched. The touching, fondling, rubbing or feeling of the body, members or private parts of a minor under the age of 14 years, with the intent of arousing, appealing to and gratifying the lusts, passions and sexual desires of either the minor or the accused, constitutes the offense charged, even though such touching, fondling, rubbing or feeling was through the clothing of the minor.' "

An examination of the record reveals a carefully conducted trial. The instructions to the jury, except in the areas mentioned, are not questioned. We find no merit in the defendant's contention.

The indeterminate sentence of the defendant of 3 to 5 years is challenged. A sufficient answer to this con-

tention is this quotation from the record of the trial judge's statement on sentencing the defendant: "*. * .*. that was a very fine argument and I am sure I am sympathetic with the defendant, probably even more so were it not for the fact that I have now seen his record and I cannot in good conscience condone the present offense in any way. Even though it may appear no harm has been done, his record is just replete with previous cases such as contributing to the delinquency of a minor, not to mention that life sentence where he was sentenced for life in Minnesota for having carnal knowledge of a female. I think this man is too dangerous to be set free and go his own way." In the absence of abuse of discretion a sentence within statutory limits will not be disturbed. State v. Barker, 185 Neb. 659, 178 N. W. 2d 270; State v. Cunningham, 185 Neb. 488, 176 N. W. 2d 732.

We feel it is apparent, under these circumstances, that not only did the trial court not abuse its discretion but actually used restraint in sentencing the defendant under the circumstances of this case.

The judgment and sentence of the district court are in all respects correct and are affirmed.

AFFIRMED.