**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Daryl BELL, Defendant and Appellant.**

**No. 13690.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 8, 1982.

Decided Aug. 10, 1983.

Ralph C. Hoggatt, Deadwood, for defendant and appellant.

Mikal Hanson, Asst. Atty. Gen., Pierre, Mark V. Meierhenry, Atty. Gen., Pierre, on brief, for plaintiff and appellee.

PER CURIAM.

Appellant, Daryl Bell, was convicted by a jury of first degree burglary and sentenced

to twenty years in the South Dakota penitentiary. We affirm.

The Syndicate Building is a two-story building occupying a half block area in downtown Deadwood. The lower floor houses several businesses including the Frontier Drug; the upper floor contains vacant apartments.

At 9:00 p.m. on August 24, 1981, Raymond Winsel, the proprietor of Frontier Drug, went to the store to fill a prescription. He heard a noise in the double ceiling of the store and left to call the police. The police arrived and asked Winsel to call for backup assistance. When he went into Frontier Drug to comply, he found that his drug drawer had been broken into, controlled drugs taken, the garbage can dumped, and the plastic liner removed.

The police searched the Syndicate Building and discovered appellant crouching on his knees behind a shade in a vacant apartment next to the hallway common to the second floor apartments. He was dirty and sweaty and had a bleeding arm. Later, investigators discovered that a window at the end of the second story fire escape had been broken. They found a bottle of pills and dried blood around the edge of a hole cut in the floor of a vacant apartment above the Frontier Drug. Tests confirmed that the appellant's blood type matched that of the dried blood. The missing drugs and garbage can liner were found in the trunk of a car in which appellant had ridden earlier on the day of the burglary.

The first degree burglary statute, SDCL 22–32–1(3), provides that "Any person who enters or remains in an occupied structure, with intent to commit any crime therein, is guilty of first degree burglary when: . . . (3) The offense is committed in the nighttime." Appellant argues that this statute is unconstitutional because the terms "crime" and "structure" are vague. We disagree.

A structure is defined by statute as "any house, building, outbuilding, motor vehicle, watercraft, aircraft, railroad car, truck, trailer, tent, or other edifice, vehicle or shelter, or any portion thereof." SDCL 22–1–2(46). If a person is present at the time in one of these structures it is considered occupied. SDCL 22–1–2(26)(c). A crime is "an act or omission, other than a petty offense, which is forbidden by law, and to which is annexed, upon conviction . . . punishment[s] . . ." SDCL 22–1–3. An act or omission is not deemed criminal or punishable unless authorized by South Dakota statute. SDCL 22–1–8.

"Enactments of the Legislature will be upheld unless they are clearly and unmistakably unconstitutional." *State v. Crelly*, 313 N.W.2d 455, 456 (S.D.1981); *Direct Auto Buying Service, Inc. v. Welch*, 308 N.W.2d 570 (S.D.1981). A criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden and it must do so in definite and certain terms. "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process." *State v. Crelly, supra* at 456, quoting *State v. Bad Heart Bull*, 257 N.W.2d 715 (S.D.1977). We find no such vagueness here.

In this case, appellant was discovered hiding in the drug store's second floor shortly after the burglary. He was sweating and bleeding. His hiding place was a short distance from the hole in the ceiling used to enter the drug store. South Dakota's first degree burglary statute, SDCL 22–32–1(3), and its definitional provisions adequately give notice that such conduct, "with intent," is forbidden. The statutes "contain words of common usage and understanding. Dictionary definitions are unnecessary to determine their meaning or their reach. They clearly give fair notice . . . ." *State v. Bad Heart Bull, supra* at 721.

Appellant also contends that the evidence is insufficient to justify a first degree burglary verdict. Specifically, he argues that the Frontier Drug was not occupied at the time the crime was committed. *See* SDCL 22–32–1(3). He argues that the Frontier

Drug and the Syndicate Building are two distinct structures.

▮ A structure includes any portion of a building. SDCL 22–1–2(46). It is occupied if "at the time any person is present." SDCL 22–1–2(26)(c). In this case, the Frontier Drug was one of three stores housed within the Syndicate Building. It was divided from the other stores by partitions and from the upstairs apartments by a false ceiling and the original ceiling. At the time suspected criminal activity was taking place, the drug store proprietor was present in the store, and therefore present in the structure. SDCL 22–1–2(46), 22–1–2(26)(c). This fact, the evidence cited above, and the fairly drawn inferences therefrom, support the verdict. *See State v. Wilson*, 297 N.W.2d 477 (S.D.1980).

The judgment is affirmed.