STATE OF HAWAII, Plaintiff-Appellant, *v.* HARRY ALLEN RODGERS, Defendant-Appellee

NO. 10689

(FC-CR. NO 84-0001)

MAY 13, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ

OPINION OF THE COURT BY NAKAMURA, J.

The question of law reserved for our determination by the Family Court of the First Circuit[1] is whether Sexual Abuse in the First Degree is committed when a person touches the covered breasts of a thirteen-year-old female to gratify his sexual desire. We conclude it is not.

---

[1]Pursuant to Rule 15 of the Hawaii Rules of Appellate Procedure (HRAP) a "circuit court, district court, family court, the land court, the tax appeal court and any other court empowered by statute," may, on motion of any party or on its own motion, "reserve for the consideration of the Hawaii appellate courts, a question of law arising in any proceeding before it."

I.

The indictment returned by the Grand Jury charged the defendant with two counts of Sexual Abuse in the First Degree. Count II accused him of "intentionally [having] sexual contact [with his thirteen-year-old adopted daughter] by rubbing her breasts, thereby committing the offense of Sexual Abuse in the First Degree in violation of Section 707-736(1)(b) of the Hawaii Revised Statutes."[2] In the course of trial before the family court, it became obvious that the gravamen of the offense described by Count II consisted of rubbing the child's breasts through her clothing. At the close of the State's case the defendant moved for a judgment of acquittal on that count.

The question posed by the motion was whether "touching of the sexual or other intimate parts of a person" through clothing constituted "sexual contact" as defined in HRS § 707-700(9). *See supra* note 2. After considering the legal memoranda submitted by counsel, the trial judge voiced an inclination to rule that the sexual contact proscribed by HRS § 707-736 did not include touching through clothing. She noted, *inter alia,* that the drafters of the Penal Code, in defining "sexual conduct" for purposes of regulating obscenity and pornography pursuant to Chapter 712 of the Code, drew "a distinction between the touching of clothed or unclothed sexual or other intimate parts of the body" but chose not to in defining "sexual contact" for purposes of applying Chapter 707.[3] Since

---

[2]Hawaii Revised Statutes (HRS) § 707-736 reads:

Sexual abuse in the first degree. (1) A person commits the offense of sexual abuse in the first degree if:

(a) He intentionally, by forcible compulsion, has sexual contact with another or causes another to have sexual contact with him; or

(b) He intentionally has sexual contact with another person who is less than fourteen years old or causes such a person to have sexual contact with him.

(2) Sexual abuse in the first degree is a class C felony.

The critical phrase therein, "sexual contact," is defined by HRS § 707-700(9) as: "any touching of the sexual or other intimate parts of a person not married to the actor, done with the intent of gratifying the sexual desire of either party."

[3]The provisions relating to Sexual Abuse are in Chapter 707 of the Penal Code, "Offenses Against the Person." Obscenity and pornography are regulated by Part II of Chapter 712 of the Code, "Offenses Against Public Health and Morals." "Sexual conduct" as employed therein *"means acts of masturbation, homosexuality, lesbianism, bestiality, sexual intercourse or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or the breast or breasts of a female for the purpose of sexual stimulation, gratification, or perversion."* HRS § 712-1210(8) (underscoring added).

 

a ruling in defendant's favor would not have brought the perplexing legal issue confronting her to this court for review and the issue is likely to recur yet may continue to evade review,[4] she reserved the question for decision by an appellate court as allowed by HRAP 15.[5] *See supra* note 1.

## II.

We approach the task at hand with knowledge "that a legislature [must] speak[] with special clarity [in] marking the boundaries of criminal conduct[] [and] courts must decline to impose punishment for actions that are not '"plainly and unmistakably"' proscribed. *United States v. Gradwell,* 243 U.S. 476, 485 (1917)." *Dunn v. United States,* 442 U.S. 100, 112-13 (1979). For we are bound by "fundamental principles of due process which mandate that no individual [shall] be forced to speculate, at peril of indictment, whether his conduct is prohibited. *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972); *United States v. Harriss,* 347 U.S. 612, 617 (1954); *Lanzetta v. New Jersey,* 306 U.S. 451, 453 (1939); *McBoyle v. United States,* 283 U.S. 25, 27 (1931)." *Dunn v. United States,* 442 U.S. at 112. And like the trial judge, we are unwilling to say the bounds of felonious conduct have been unmistakably marked to include the act attributed to the defendant.

## A.

The conduct proscribed by HRS § 707-736(1)(b) is intentional sexual contact with a person below the age of fourteen, and the offense is

---

[4]HRS § 641-13 confers the right of appeal on the State "in criminal cases in [only] a limited number of enumerated instances," and the statute is "strictly construe[d]." *State v. Shintaku,* 64 Haw. 307, 310, 640 P 2d 289. 292 (1982); *see also State v Johnson,* 50 Haw. 525. 526, 445 P.2d 36, 37 (1968). The enumerated instances do not include a judgment of acquittal following a bench trial. *See* HRS § 641-13

[5]The specific question reserved by the trial judge reads as follows.
Given the definitions of the terms "sexual contact" and "sexual conduct" in Hawaii Revised Statutes Sections 707-700(9) and 712-1210(8), respectively, and the fact that a distinction is not made between clothed and unclothed sexual or other intimate parts of a person in the definition of sexual contact, does a touching of the sexual or other intimate parts of a person through that person's clothing fall within the term "any touching" as it appears in the definition of sexual contact?

committed when there is "any touching of the sexual or other intimate parts [of a thirteen-year-old] with the intent of gratifying . . . sexual desire." *See supra* note 2. Clearly, there is "touching" within the meaning of the statute if the sexual or other intimate part itself were rubbed. The touching here, however, was through the victim's clothes. Granted, the relevant language can readily be construed to include such conduct within its proscriptions. But it is subject also, as the defendant maintains, to a reading that contact with a person's clothed breasts does not constitute "sexual contact."

In forwarding her question, the family court judge adverted to "sexual contact" as defined in HRS § 707-700(9) and "sexual conduct" as defined in HRS § 712-1210(8). *See supra* note 5. The former, she noted, was couched in terms of "touching . . . the sexual or other intimate parts of a person" while the latter explicitly spoke of "physical contact with a person's *clothed or unclothed* genitals, pubic area, buttocks, or the breast or breasts of a female." *See supra* notes 2 and 3 (emphasis added). The judge realized, of course, that " '[w]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' (23 Cal. Jur. 778, § 154; *Estate of Garthwaite* (1933), 131 Cal. App. 321, 326, [21 P.2d 465]." *People v. Valentine.* 28 Cal. 2d 121, 142, 169 P.2d 1, 14 (1946).

That "sexual conduct" is defined and employed in Part II of Chapter 712 of the Penal Code, entitled Offenses Related to Obscenity, and "sexual contact" appears in a separate chapter covering Offenses Against the Person has not escaped us. Still, obscenity and sexual abuse unquestionably are related subjects, and the definitions were adopted expressly for use in penal statutes regulating conduct with sexual connotations. Lacking other direction from the legislature, we would have to say the omission noticed by the trial judge is significant and the language in question is susceptible of two constructions, that urged by the prosecutor and the narrower one urged by the defendant.[6]

---

[6]Neither party has directed us to a committee report or other legislative document. and our research has uncovered nothing, that indicates one or the other was intended.

## B.

"[W]hen choice has to be made between two readings of what conduct [the legislature] has made a crime, it is appropriate, before we choose the harsher alternative, to require that [the legislature] should have spoken in language that is clear and definite." *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221-22 (1952) (quoted in *United States v. Campos-Serrano*, 404 U.S. 293, 297 (1971)). It is virtually self-evident that the drafters of the Penal Code could easily have spoken in clearer and more definite terms. The definition of "sexual conduct" gives evidence of the ease with which the task could have been accomplished, and we need not venture far for further proof if such were required.

The Table of Derivation appended to the Penal Code indicates the language of HRS § 707-700(9) was derived from § 2301 of the proposed draft of the Michigan Criminal Code, which followed § 130.00 of the Revised Penal Laws of New York. *See* 7A HRS, at 499 (1976). But the Michigan legislature rejected the proposed language, adopting instead a more explicit definition to effectuate its purpose [7] The relevant definition thus reads:

> "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

Mich. Comp. Laws Ann. § 750.520a. (k) (1985 Supp). Moreover, the New York statute which served as the model for HRS § 707-700(9) has since been amended to read:

> "Sexual contact" means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing.

---

[7] The definition of "sexual contact" in the proposed draft was the subject of a law review comment, and the author's conclusion was: "The Proposed Code's definition in this respect could be clearer by providing specifically for direct and indirect contacts." Comment, *Sex Offenses and Penal Code Revision in Michigan*, 14 Wayne L. Rev. 934, 960 (1968).

New York Penal Law § 130.00(3) (Consol. 1976).

Read in the light of these changes in the statutory definitions that served as the model for our definition of "sexual contact," the term is *reasonably* susceptible of the construction urged by the defendant. And "[w]hen language . . . reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." *People v. Ralph,* 24 Cal. 2d 575, 581, 150 P.2d 401, 404 (1944) (quoted in *People v. Valentine,* 28 Cal. 2d at 143, 169 P.2d at 14). *See State v. Smith,* 59 Haw. 456, 461, 583 P.2d 337, 341 (1978); *Coray v. Ariyoshi,* 54 Haw. 254, 261, 506 P.2d 13, 17 (1973). Sexual Abuse in First Degree, therefore, is not committed when one touches the clothed breasts of a thirteen-year-old female to gratify his sexual desire.[8]

The case is remanded for proceedings not inconsistent with this opinion.

*Peter M. Wilkins* (*Arthur E. Ross* on opening brief, *Peter M. Wilkins* on reply brief), Deputy Prosecuting Attorneys, for appellant.

*Richard Pollack* (*Susan Barr* on the brief), Deputy Public Defenders, for appellee.

### DISSENTING OPINION OF WAKATSUKI, J.

I respectfully dissent

I disagree with the majority's construction of Hawaii Revised Statutes (HRS) § 707-700(9) as applied to HRS § 707-736(1)(b). The majority's interpretation of HRS § 707-700(9) concludes that defendant's fondling of the breast of a girl who is under fourteen years of age does not violate that statute which prohibits the intentional touching of the sexual or other intimate parts of a person who is less than fourteen years old simply because her nightgown prevented contact with her skin. The majority arrives at this conclusion by relying heavily on the fact that the definition of "sexual conduct" in HRS § 712-1210(8) specifically refers to physical contact with a person's "clothed or unclothed" intimate parts, whereas HRS § 707-700(9) does not.

---

[8] We do not suggest the offense is committed only when there is "skin-to-skin" contact. If the "sexual or other intimate part" rather than clothing is actually touched, even with a gloved hand, we would not hesitate to rule "sexual contact" has occurred.

I fail to comprehend how the comparison of two different sections under two different chapters of our penal code can logically lead to the conclusion adopted by the majority. Chapter 712 is entitled "Offenses Against Public Health and Morals" and § 712-1210(8) falls under Part 11 entitled "Offenses Related To Obscenity", whereas Chapter 707 is entitled "Offenses Against The Person" and § 707-736(1)(b) falls under Part V entitled "Sexual Offenses." The term "sexual *conduct,*" as defined in § 712-1210(8), is used primarily in connection with prohibitions against certain *visual* displays, specifically, displaying indecent matter and promotion of pornography whereas the term "sexual *contact,*" as defined in § 707-700(9), is used in connection with *physical* crimes against the person.

Moreover, the term "sexual conduct" is used primarily in sections of Chapter 712 where the issue of whether the intimate parts are clothed or unclothed is pivotal in determining guilt or innocence.[1] Therefore, in enacting laws prohibiting indecent displays or promotion of pornography, our legislature obviously took into account that issue when it defined "sexual conduct" in HRS § 712-1210(8) to include physical contact with a person's clothed as well as unclothed sexual parts.

Furthermore, the fact that similar sexual abuse statutes that served as models for Hawaii's sexual abuse laws were ultimately clarified to explicitly include clothed touching does not necessarily mean that Hawaii's unmodified definition is susceptible to a contrary interpretation. *Cf. State v. Samson,* 388 A.2d 60 (Me. 1978) (A statute that was subsequently amended to expressly include contact through clothing was held to include such contact even prior to the amendment.).

I do not agree with the majority that the "sexual contact" definition can reasonably be construed to exclude clothed touchings. HRS § 707-700(9) defines "sexual contact" as including "*any touching* of the sexual or other intimate parts of a person." (emphasis added). There is nothing in the statute which expressly requires that the touching of an intimate part be upon the skin. *Cf. Miles v. State,* 157 Tex. Crim. 188, 247 S.W.2d

---

[1]HRS § 712-1211 prohibits certain public displays which reveal the person with less than a fully opaque covering over his or her genitals, pubic area, or buttocks, or depicting the person . . . engaged in an act of sexual conduct . . . .
HRS § 712-1210(7)(b) makes a similar reference to "sexual conduct" in defining pornography for minors.

898 (1952). A plain and natural reading of the statute strongly suggests that a person who rubs a female child's breast through her nightgown is engaging in "any touching" of her breast. The American Heritage Dictionary, Second College Edition (1982) gives as its first definition of "touch":

> To cause or permit a part of the body, esp. the hand or fingers, to come in contact with so as to feel.

This definition indicates that the essence of the act of touching is contact that permits perception by the sense of feeling. Clearly the interposition of a nightgown will not prevent an actor from feeling whatever is directly beneath it. *See Resnick v. State,* 574 S.W.2d 558, 559-560 (Tex. Crim. App. 1978).

The primary legislative purpose of a sexual abuse statute which prohibits sexual contact with children under fourteen years old is to protect children of tender ages and immaturity, and who may be incapable of protecting themselves, from conduct that may severely traumatize them as well as inflict serious emotional and psychological damages. *State v. Samson,* 388 A.2d 60 (Me. 1978). The psychological and emotional impact of a sexually motivated fondling of an intimate part does not disappear nor is it lessened simply because the intimate part is covered. It is clear and evident that our legislature has expressly indicated its desire to protect children from sexual molestation by enacting sexual abuse statutes. Therefore, it is inconceivable that our legislature intended to permit a person to derive sexual gratification by fondling an underaged girl's breast simply because there is no direct contact with her skin