STATE of South Dakota, Plaintiff and Appellee,

v.

Fenius Otto SCHNAIDT, Defendant and Appellant.

No. 15530.

Supreme Court of South Dakota.

Considered on Briefs May 19, 1987.

Decided July 22, 1987.

Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

William D. Gerdes, Aberdeen, for defendant and appellant.

SABERS, Justice.

Fenius Otto Schnaidt (Schnaidt) appeals his conviction for sexual contact with a child. We affirm.

### Facts

In September of 1985, a twelve-year-old boy was in Schnaidt's dental office in Aberdeen, South Dakota. The boy was one of Schnaidt's orthodontic patients and came in for the purpose of having his braces tightened. Schnaidt's dental assistant began to adjust the boy's braces in the examining room and, encountering some difficulty, called Schnaidt over to assist. While the assistant had her back to the boy who was seated in a reclining chair, Schnaidt walked over, slid his hand between the child's legs, and grabbed his genitals through the outside of his clothing. At the time of this incident, Schnaidt was sixty-one years old.

When questioned by a law enforcement officer, Schnaidt initially denied any inappropriate contact. Upon further questioning he admitted it. He further admitted deriving pleasure from this experience by using the incident as a masturbation fantasy later on in the evening. Schnaidt told the officer that he had been impotent for two years and that he touched the child to see if he could still become sexually aroused.

On June 24, 1986, Schnaidt was charged with sexual contact with a child under the age of sixteen years in violation of SDCL 22–22–7. Schnaidt was tried on September 30, 1986, and found guilty of the offense charged.

*Schnaidt's Claims*

Schnaidt claims that the evidence was insufficient to support a conviction for sexual contact because he only touched the clothing which covered the victim's genitals, rather than the genitals themselves. He further claims that SDCL §§ 22–22–7 and 22–22–7.1 are unconstitutionally vague as applied in this case.

### 1. SUFFICIENCY OF THE EVIDENCE TO CONVICT UNDER SDCL 22–22–7

██ In determining the sufficiency of the evidence in a criminal appeal, the question is whether there is evidence in the record which, if believed by the jury or the court, is sufficient to sustain the finding of guilt beyond a reasonable doubt. *State v. Halverson*, 394 N.W.2d 886, 887 (S.D.1986); *State v. Vogel*, 315 N.W.2d 321, 322 (S.D. 1982); *State v. Brammer*, 304 N.W.2d 111, 113 (S.D.1981).

SDCL 22–22–7 provides in part:

*Sexual contact with child under sixteen....* Any person, fourteen years of age or older, who knowingly engages in sexual contact with another person, other than his spouse when such other person is under the age of sixteen years is guilty[.]

SDCL 22–22–7.1 defines "sexual contact":

"[S]exual contact," means any touching, not amounting to rape, of the breasts of a female or the genitalia or anus of any person with the intent to arouse or gratify the sexual desire of either party.

Schnaidt argues that there was no sexual contact as defined in SDCL 22–22–7.1 because he placed his hand on the outside of the victim's clothing. It is undisputed that Schnaidt grabbed the child's genitals through the clothing and that Schnaidt initiated the contact with the specific intent to gratify his sexual desires. Schnaidt contends that absent "skin to skin" contact between himself and the child, there was no violation of SDCL 22–22–7.

The construction of all criminal statutes is controlled by SDCL 22–1–1 which provides:

*Common-law rule of strict construction abrogated.* The rule of the common law that penal statutes are to be strictly construed has no application to this title. All its criminal and penal provisions and all penal statutes are to be construed according to the fair import of their terms, with a view to effect their objects and promote justice.

The legislative purpose behind SDCL 22–22–7 is "to protect the morals of children and to prevent their defilement." *State v. Shields*, 81 S.D. 184, 186, 132 N.W.2d 384, 385 (1965) (construing a forerunner of SDCL 22–22–7). "The obvious intent of the legislature is to deal with those who molest young children for sexual gratification without raping them." *Brammer, supra* at 114. SDCL 22–22–7.1 states that "any touching" results in a violation of SDCL 22–22–7 if the other elements of the offense are proven. The legislature chose only to limit what specific portions of the body were affected. Thus, *any touching* of the female breasts and the genitalia or anus of any person is prohibited under SDCL 22–22–7.1.

One of the primary rules of statutory construction is to give words and phrases their plain meaning and effect. *Board of Regents v. Carter*, 89 S.D. 40, 46, 228 N.W.2d 621, 624–625 (1975). "Courts may not interpret or construe a statute in a manner inconsistent with the plain language employed by the legislature." *State v. Galati*, 365 N.W.2d 575, 577 (S.D.1985). Considering the intent and purpose of SDCL 22–22–7 and 22–22–7.1, and construing them in accordance with SDCL 22–1–1, the meaning of these statutes is plain on its face. "Any touching" means precisely that and is not limited to "skin to skin" contact.

Schnaidt also argues that since SDCL 22–22–7.1 does not expressly prohibit touching the victim's clothing, he had no reasonable notice that his conduct was prohibited, which violates his due process rights. *State v. Big Head*, 363 N.W.2d 556 (S.D.1985). He further argues that the language of the statute is ambiguous and that if the legislature determines the definition of "sexual contact" incomplete, it may expand the definition but it is not the function of this court to do so. *Galati, supra* at

578. However, Schnaidt did not merely touch the child's clothing. He fondled the child's genitals through his trousers. The plain language of SDCL 22–22–7.1 prohibits *any touching* of the genitalia. There is nothing in the statute to suggest that the prohibited conduct can only be committed by skin-to-skin contact. When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and this court's only function is to declare the meaning as clearly expressed in the statute. *St. Paul Ramsey Medical Center v. Pennington County*, 402 N.W.2d 340, 344 (S.D.1987).

While this is a case of first impression in South Dakota, other courts have considered whether skin-to-skin contact is necessary to constitute a violation of substantially similar statutes.

In *State v. Reich*, 186 Neb. 289, 183 N.W.2d 223, *cert. denied*, 404 U.S. 846, 92 S.Ct. 149, 30 L.Ed.2d 83 (1971), the statute prohibited the indecent fondling or massaging of the sexual organs of a female child. In appealing his conviction, the defendant argued that because the ten-year-old girl had on shorts and there was no showing that he placed his hand underneath her shorts, there was no fondling or massaging of the sexual organs within the meaning of the statute. *Id.*, 183 N.W.2d at 224. In rejecting this argument, the court wrote:

> The defendant asks us to read into the statute a meaning and a requirement that the massaging and the fondling referred to in the statute requires that it be on the naked body of the victim of the offense. While penal statutes must be construed strictly, it is not proper to give them a strained or an unnatural construction. They should be construed so as to give effect to the plain meaning of the words employed, and where of doubtful meaning, or application, the court should adopt the sense that best harmonizes with the context and the apparent policy and objects of the Legislature. [citation omitted] It is apparent that the

statute was not intended to protect only unclothed small girls or permit the accomplishment of the act sought to be prohibited by the statute as long as they were performed on a clothed girl victim. *Id.*

In *Resnick v. State*, 574 S.W.2d 558 (Tex. Crim.App.1978), the defendant was convicted of public lewdness. The court used a dictionary definition of "touch" [1] to rule that the Texas statute defining sexual contact did not require flesh-to-flesh contact to constitute a touching. *Id.* at 559. The court wrote:

> This definition makes it quite plain that the essence of the act of touching is to perceive by the sense of feeling. It is a matter of the commonest knowledge that the interposition of a layer of fabric between a person's hand and an object upon which the hand is placed will not prevent that person from feeling the object thus concealed. Were we to accept appellant's contention that he did not 'touch' the officer's genitals because no flesh-to-flesh contact was made, absurd results would follow.

*Id.* at 560.

In *State v. Samson*, 388 A.2d 60 (Me. 1978), the defendant was convicted of taking indecent liberties with a ten-year-old girl. Specifically, he touched her on the outside of her panties. *Id.* at 62. On appeal, the question was whether the crime of indecent liberties was consummated by the touching of the child's sexual organs from the outside of her clothing, or whether skin-to-skin contact was necessary to constitute a violation. *Id.* at 63. In holding that skin-to-skin contact was unnecessary, the court said:

> We cannot believe that our Legislators intended that a piece of clothing, as flimsy and truth-revealing as a female's panties in the instant case, would insulate a child molester from the reach of our indecent liberties statute. The legislative intent was to protect children against the perpetration of sexual indig-

---

**1.** Touch. "1. to put the hand, finger, or other part of the body on, so as to feel; to perceive by the sense of feeling." Webster's New Twentieth Century Dictionary of the English Language, Unabridged (2d ed. 1978).

nities to their person in a manner abhorrent to society and to save them from being subjected to iniquitous conduct having a tendency to produce serious emotional and psychological impact on such minors who, because of their tender age, are deemed incapable of protecting themselves. The statutory purpose would be frustrated to a very substantial degree if the only prohibited indecent contact had to be of the flesh-to-flesh variety.

*Id.* To the same effect, *see Matter of David M.*, 93 Misc.2d 545, 403 N.Y.S.2d 178 (1978); *People v. Keesee*, 47 Ill.App.3d 637, 7 Ill.Dec. 768, 365 N.E.2d 53 (1977); *People v. Elliott*, 158 Cal.App.2d 623, 322 P.2d 1029 (1958); *Miles v. State*, 157 Tex.Cr.R. 188, 247 S.W.2d 898 (1952); *State v. Kocher*, 112 Mont. 511, 119 P.2d 35 (1941); *People v. Halistik*, 69 Cal.App. 174, 230 P. 972 (1924).

Schnaidt relies heavily upon *State v. Rodgers*, 718 P.2d 275 (Haw.1986), which reversed a conviction for sexual abuse [2] where defendant had touched the clothed breasts of a thirteen-year-old female. The court held that contact with the *unclothed* breasts was required to commit the prohibited offense. The court found that the statutory definition of "sexual contact," [3] which did not define "touching," was susceptible to two constructions—to require, or not to require, skin-to-skin touching. *Id.*

at 277. The Hawaii court found an ambiguity and construed the penal statute in favor of the offender. *Id.* at 278.

In *Rodgers*, the court compared Hawaii's "sexual contact" statute with one defining "sexual conduct" under its chapter regulating obscenity and pornography. *Id.* at 277. The court found noteworthy the latter statute's [4] express prohibition against "contact with a person's *clothed or unclothed* genitals, pubic area, buttocks, or the breast or breasts of a female." *Id.* Following the *Rodgers* analysis, Schnaidt contends that the specific reference to clothed or unclothed genitals in SDCL 22–24–27(14) ("sexual conduct"),[5] and its omission from SDCL 22–22–7.1 ("sexual contact"), indicates the legislature's intent not to include touching of the clothing covering the genitalia within the parameters of SDCL §§ 22–22–7 and 22–22–7.1. He argues that in comparing these statutes, the legislature's intent to draw a distinction is clear, and that lacking any other legislative guidance, SDCL 22–22–7.1 should be construed narrowly in his favor. *Rodgers, supra.*

In its pretrial memorandum decision of September 3, 1986, the trial court rejected the *Rodgers* holding and wrote:

I am totally in disagreement with the majority opinion, and it is not binding on this Court. I do concur with the dissenting opinion and in particular with the last paragraph thereof,[6] and to me it is also

---

**2.** Haw.Rev.Stat. § 707–736(1)(b) provides:

A person commits the offense of sexual abuse in the first degree if:
(b) He intentionally has sexual contact with another person who is less than fourteen years old or causes such a person to have sexual contact with him.

**3.** Haw.Rev.Stat. § 707–700(9) defines "sexual contact" as: "[A]ny touching of the sexual or other intimate parts of a person not married to the actor, done with the intent of gratifying the sexual desire of either party[.]"

**4.** Under Haw.Rev.Stat. § 712–1210(8), "sexual conduct" "means acts of masturbation, homosexuality, lesbianism, bestiality, sexual intercourse or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or the breast or breasts of a female for the purpose of sexual stimulation, gratification, or perversion."

**5.** SDCL 22–24–27(14) defines "sexual conduct" as, "any act of masturbation, homosexuality, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or if such person be a female, the breast."

**6.** The primary legislative purpose of a sexual abuse statute which prohibits sexual contact with children under fourteen years old is to protect children of tender ages and immaturity, and who may be incapable of protecting themselves, from conduct that may severely traumatize them as well as inflict serious emotional and psychological damages. [*citing Samson, supra* ] The psychological and emotional impact of a sexually motivated fondling of an intimate part does not disappear nor is it lessened simply because the intimate part is covered. It is clear and evident that our legislature has expressly indicated its desire to protect children from sexual molestation by enacting sexual abuse statutes. Therefore, it is inconceivable that our

inconceivable that our legislature intended to permit a person to derive sexual gratification by fondling the private parts of a child simply because there is no direct contact with skin.

We agree. Considering the above authorities, the *Rodgers* decision reflects a minority viewpoint. We are not bound by it and we reject it. Furthermore, Schnaidt's comparison of the definitions of "sexual contact" and "sexual conduct" is not persuasive. SDCL ch. 22–22 deals with sex offenses against the person. SDCL ch. 22–24 regulates obscenity and public indecency. The term "sexual conduct" is used primarily in connection with prohibitions against visual displays, especially in the realm of pornography, whereas the term "sexual contact" is used in connection with physical crimes against the person. Finally, the *Rodgers* opinion itself seems inconsistent. While finding that no sexual contact occurred when the perpetrator touched the child's clothed breast, the court "would not hesitate to rule 'sexual contact' has occurred" if the breast "rather than clothing [was] actually touched, even with a gloved hand." 718 P.2d at 278, n. 8. This is a distinction without a purpose and reflects a patently strained construction. The fact remains that the child was molested whether contacted outside or inside her clothing.

It was the intention of the legislature to insulate a child from the type of attack committed by Schnaidt. A plain and natural reading of SDCL 22–22–7.1 indicates that a person who grabs a male child's genitals through his trousers is engaged in "any touching" of his genitalia. The child's pants did not prevent Schnaidt from feeling the boy's genitals clothed beneath them. *Resnick, supra; Samson, supra*. Schnaidt admitted grabbing the child's genitalia with the specific intent to gratify his sexual desires. For Schnaidt to argue that the legislature only intended to protect the naked sexual organs of children while allowing the violation of others simply because their private parts were clothed, does

violence to the legislature's intent and purpose in enacting SDCL §§ 22–22–7 and 22–22–7.1.

We hold that the evidence was sufficient to show an act of sexual contact and to sustain the conviction.

## 2. SDCL §§ 22–22–7 AND 22–22–7.1 ARE NOT UNCONSTITUTIONALLY VAGUE

 The trial court found SDCL 22–22–7 and 22–22–7.1 clear and unambiguous. The court also gave the words "any touching" a broad interpretation which included the placing of the hand on the clothing covering the victim's genitalia. Schnaidt argues that if we approve that interpretation, the statutes must be declared void on vagueness grounds.

[C]rime[s] must be statutorily defined with definiteness and certainty. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process.

*State v. Bad Heart Bull*, 257 N.W.2d 715, 720 (S.D.1977); *State v. Bell*, 337 N.W.2d 183, 184 (S.D.1983). Consistent with due process, criminal statutes must define prohibited conduct with "sufficient definiteness" to establish "explicit standards" for enforcement. *Big Head, supra* at 559.

The test for vagueness does not demand that the line between lawful and unlawful conduct be drawn with absolute clarity and precision. Not every indefiniteness or vagueness is fatal to a criminal statute. All that is required is that there be a fair or reasonable degree of certainty. *State v. Mahone*, 127 Wis.2d 364, 373–74, 379 N.W.2d 878, 883 (1985); *State v. Courtney*, 74 Wis.2d 705, 709–11, 247 N.W.2d 714, 718 (1976); *State v. Dove*, 75 S.D. 460, 463–64, 67 N.W.2d 917, 919 (1955). In *State v. Kane*, 266 N.W.2d 552 (S.D.1978), *overruled on other grounds*, 353 N.W.2d 338 (S.D.1984), we wrote:

---

legislature intended to permit a person to derive sexual gratification by fondling an underaged girl's breasts simply because there is no direct

contact with her skin. *Rodgers*, 718 P.2d at 279–280 (Wakatsuki, J., dissenting).

The root of the vagueness doctrine is a rough idea of fairness. It is not a principle design to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide a fair warning that certain kinds of conduct are prohibited. [citation omitted]

*Id.* at 555. *See also State v. Blakey*, 399 N.W.2d 317 (S.D.1987).

Based on these principles and the reasons set forth in point 1, we hold that the language of SDCL 22–22–7 and 22–22–7.1 is not unconstitutionally vague, and that these statutes were sufficiently definite to put Schnaidt on notice that his conduct was prohibited.

Affirmed.

All the Justices concur.