**STATE of Iowa, Plaintiff–Appellee,**

v.

**Walter James PHIPPS,
Defendant–Appellant.**

**No. 88–83.**

Court of Appeals of Iowa.

April 25, 1989.

William J. Bribriesco of Bribriesco & Bribriesco, Bettendorf, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and James L. Ot-

tesen, Asst. Scott County Atty., for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Defendant-appellant Walter James Phipps appeals his conviction by a jury of third-degree sexual abuse in violation of Iowa Code section 709.4(5) (1987).

The evidence presented at trial indicated that on or about May 30, 1987, the defendant placed his hand inside a fourteen-year-old boy's jeans, but over the boy's underwear. Defendant then rubbed the boy's genitalia. While defendant was touching the boy, he placed the boy's hand on the outside of defendant's underwear and on defendant's genitalia. The defendant ejaculated.

At the close of the State's case and at the close of all evidence, defendant made motions for directed verdicts. The motions were denied. On appeal, defendant contends the trial court erred as a matter of law when denying the motions because the State failed to present any evidence that a "sex act" within the definition of Iowa Code section 702.17 (1987) and an element of Iowa Code section 709.4 (1987) had occurred between defendant and another person. He also argues there was insufficient evidence to support his conviction under section 709.4(5) (1982).

The elements of third-degree sexual abuse the State had to prove are: (1) the defendant and victim are not living as husband and wife; (2) the defendant performs a sex act with the victim; and (3) the victim is fourteen or fifteen years of age and the defendant is six or more years older than the victim. Iowa Code § 709.4(5) (1987).

1. The term "sex act" is defined in Iowa Code section 702.17 (1987) and provides: The term "sex act" or "sexual activity" means any *sexual contact between two or more persons,* by penetration of the penis into the vagina or anus, by contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another

person or *by use of artificial sexual organs or substitutes* therefor *in contact with the genitalia* or anus. (Emphasis supplied).

By contending such an act did not occur, defendant raises a question of statutory construction. We must interpret whether the legislature intended defendant's above-described conduct to fall within this definition. *State v. Whetstine,* 315 N.W.2d 758, 760 (Iowa 1982).

Defendant argues his behavior is more appropriately interpreted as indecent conduct with a child. *See* Iowa Code § 709.12(2) (1987).

The mere fact defendant's conduct is or could be interpreted as falling within the confines of a different section does not preclude us from finding defendant's conduct is within the prohibited conduct of section 709.4(5). See *Whetstine,* 315 N.W.2d at 760–61. Other Iowa cases have held that a finger or a hand can be used as a substitute for a sex organ in performing a sex act as defined by this section to support sexual abuse convictions. *Whetstine,* 315 N.W.2d at 761; *State v. Mueller,* 344 N.W.2d 262, 267 (Iowa App.1983). Clearly defendant's use of his hand can be interpreted as a substitute for a sex organ in this case. Defendant contends the type of contact described in the "sex act" definition requires "skin-to-skin" contact. The State admits such contact was not made, but argues to require such contact would prevent the finding of sexual abuse whenever a defendant has used a condom, glove, or underwear while performing the "sex act."

While no Iowa cases specifically address this issue, other jurisdictions have considered whether a distinction should be drawn between skin-to-skin contact and contact in which a layer of fabric is between the hand and the victim's genitalia. In *State v. Schnaidt,* 410 N.W.2d 539, 541 (S.D.1987), the court concluded defendant's fondling of a child's genitalia through his trousers was an act of sexual contact sufficient to sustain his conviction despite the lack of skin-to-skin contact. Numerous

other cases cited in *Schnaidt* indicate it is not the presence or lack of intervening material which should be focused upon but whether the contact made through the material comes within the definition proscribed by the particular statute. *See generally State v. Schnaidt*, 410 N.W.2d at 541–42 (citing *State v. Reich*, 186 Neb. 289, 183 N.W.2d 223, *cert. denied*, 404 U.S. 846, 92 S.Ct. 149, 30 L.Ed.2d 83 (1971); *Resnick v. State*, 574 S.W.2d 558 (Tex.Crim.App. 1978); *State v. Samson*, 388 A.2d 60 (Me. 1978)).

We hold that a lack of skin-to-skin contact alone does not, as a matter of law, put defendant's conduct outside the definition of "sex act" as found in Iowa Code section 702.17 (1987). We cannot believe that our legislators intended that a piece of clothing as flimsy as a pair of shorts or even a girl's panties would insulate a defendant from the term "sex act."

Certain types of sexual contact described in section 702.17 may not be possible with intervening clothing or material present. The State has appropriately pointed out situations where skin-to-skin contact is not present but proscribed acts of intercourse or sodomy could still be carried out. The State will still have to prove, on a case-by-case basis, whether the contact with victim's genitalia is within the definition of contact described in the "sex act" statute.

▪ 2. On review of defendant's challenge to the sufficiency of the evidence, the verdict will be upheld if there is substantial evidence to support a finding the elements of third-degree sexual abuse listed earlier existed. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984).

Having applied such principles, we find there is substantial evidence from which the jury could conclude defendant, who was at least six years older than the fourteen-year-old boy at the time, used his hand as a substitute for a vagina when rubbing the boy's genitalia in violation of Iowa Code section 709.4(5) (1987). *Mueller*, 344 N.W.2d at 267.

The victim testified that he and the defendant were playing pool in the basement of the home of the victim's parents. At the conclusion of the game, the defendant stated to the victim, "Winner takes all." The defendant then went behind the victim, undid his belt and the button on his jeans, and slid his hands down his jeans, but not inside his shorts. The defendant then, according to the victim, "kind of gently pushed me to the floor and then started rubbing on his [sic] penis." At the same time the defendant zipped down his trousers, grabbed the victim's hand, and placed it inside the defendant's jeans on his penis. The victim's hand did not come into contact with the skin or the penis for it was on the outside of the defendant's shorts. The defendant's penis was erect and the victim could feel that he ejaculated. This all took place while the defendant and the victim were lying on the floor.

The victim testified twice the defendant's hand rubbed up and down on his penis. Defendant concedes the victim was fourteen years old at the time and clearly they were not cohabiting as man and wife. Testimony in the record indicating that defendant was around forty-five, he and his wife had been married twenty-three years and had a twenty-year-old child would allow for a legitimate inference that defendant was at least six years older than the victim at the time of the incident. Defendant's conviction is affirmed.

AFFIRMED.