# IN THE COURT OF APPEALS OF IOWA

No. 14-0889
Filed August 5, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AQUILES GONZALEZ ALVARADO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Mary E. Howes, Judge.

        A defendant appeals following a jury verdict finding him guilty of lascivious acts with a child, challenging the sufficiency of the evidence. **AFFIRMED.**

        Benjamin Bergmann and Gina Messamer of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergmann, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Louis S. Sloven, Student Legal Intern, and Alan Ostergren, County Attorney, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Aquiles Alvarado appeals his conviction for two counts of lascivious acts with a child, in violation of Iowa Code section 709.8 (2013).  He maintains there was not sufficient evidence to prove his guilt because there was no evidence of skin-to-skin contact between himself and the victim.  The State maintains there is no statutory requirement of skin-to-skin contact, and thus, the evidence is sufficient to support the convictions.  We agree.

## I.  Background Facts and Proceedings.

At the trial in this case, the victim, a nine-year-old girl, testified that Alvarado, who was married to the victim's grandmother, touched her vagina with his hand over the top of her clothing.  He did so as he was hugging her, kissing her neck and upper chest, and telling her that he loved "playing with [her] beautiful body."  She further testified this occurred in the backroom of her grandmother's store in the mall and had occurred on other occasions both at her home and at the mall that summer.

The State also admitted the audio recording of a police interview with Alvarado, in which Alvarado admitted to touching the victim between her legs on top of her clothing on at least two occasions and he was embarrassed for what he did.  Alvarado testified at trial that he accidentally touched the victim between her legs as he tried to prevent himself from falling.  He asserted he was confused during the police interview due to his lack of understanding of the English language.

Defense counsel made a motion both at the close of the State's case and at the close of the evidence that the State failed to prove there was skin-to-skin contact between Alvarado and the victim, and therefore, there was insufficient evidence. The court denied both motions concluding the law did not require skin-to-skin contact. The jury returned a guilty verdict on two of the four counts of lascivious acts with a child with which Alvarado had been charged. Alvarado was sentenced to two concurrent ten-year terms of incarceration for the convictions. The fine was suspended, but the court imposed court costs along with a $250 civil penalty. Alvarado was also ordered to register as a sex offender and placed on lifetime parole under section 903B.1. He now appeals.

## II. Scope and Standard of Review.

Alvarado's appeal centers on the statutory interpretation of section 709.8 and whether skin-to-skin contact is needed in order to qualify as touching or fondling under that code section. We review questions of statutory interpretation for correction of errors at law. *See State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013).

## III. Lascivious Acts with a Child.

Iowa Code section 709.8 provides, in part:

> It is unlawful for any person sixteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:
> 1. Fondle or touch the pubes or genitals of a child.

Alvarado asserts that the terms "fondle" and "touch" require skin-to-skin contact. In support of the argument, Alvarado points out the sexual abuse chapter of the

Iowa Code contains different sections that specifically criminalize sexual contact with the clothes of the victim covering certain body parts. *See* Iowa Code § 709.12(2) (criminalizing conduct where a person touches "the clothing covering the immediate area of the inner thigh, groin, buttock, anus, or breast of the child" as indecent contact with a child), § 709.15(2), (3) (criminalizing sexual conduct where a counselor, therapist, or school employee touches "the clothed or unclothed inner thigh, breast, groin, buttock, anus, pubes, or genitals" of a patient, client, or student as sexual exploitation by a counselor, therapist or school employee). Alvarado asserts that the absence of a reference in section 709.8—lascivious acts with a child—to touching or fondling the clothing of the child covering the pubes or genitals means that such conduct does not amount to a violation of that code section. *See Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 192 (Iowa 2011) ("'Where the legislature includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislature] acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting *Farmers Coop. Soc'y of Sioux Center v. First Nat'l Bank of Omaha*, No. 7:10–CV–202–H, 2011 WL 8812379, at *3 (E.D.N.C. Sept. 15, 2011))). Because the evidence only supported the conclusion that he touched the victim's vagina over her clothes, Alvarado claims there was insufficient evidence to support his conviction for lascivious acts with a child.

The State asserts the terms "fondle" and "touch" do not require skin-to-skin contact, and in support of its argument, the State cites to *State v. Pearson*,

514 N.W.2d 452, 454–55 (Iowa 1994), where our supreme court determined skin-to-skin contact was not required in order to amount to "sexual contact" as contained in the definition of a "sex act" under section 702.17.[1] In *Pearson* the defendant asserted his conduct did not amount to sexual abuse in the second degree because he masturbated by moving his covered penis against the child's clothed buttocks. 514 N.W.2d at 454. The supreme court rejected Pearson's argument that there needed to be skin-to-skin contact in order to qualify as sexual contact, noting "there is no language in the statute which would limit its scope in this way." *Id.* at 455. The court's holding in *Pearson* affirmed a prior court of appeals ruling, *State v. Phipps*, 442 N.W.2d 611, 612-13 (Iowa Ct. App. 1989), where the State noted the absurdity that would result if such a requirement were read into the code section—a defendant could never be convicted of sexual abuse if he used a condom, glove, or underwear while performing the sex act. The *Pearson* court held, "prohibited contact occurs when (1) the specified body parts or substitutes touch and (2) any intervening material would not prevent the participants, viewed objectively, from perceiving that they have touched." 514 N.W.2d at 455.

---

[1] Sex act is defined in section 702.17 as

> The term "sex act" or "sexual activity" means any sexual contact between two or more persons by: penetration of the penis into the vagina or anus; contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person; contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 151, or 152; or by use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

While acknowledging the limits of the *Pearson* holding because neither the term "sex act" nor "sexual contact" is located in the lascivious-acts-with-a-child statute, the State argues the same interpretation should be used for the terms "touch" and "fondle." The State argues the common definition of touch includes perceiving or experiencing a tactile sense. *See* Webster's Third Int. Dictionary 2415 (2002) (defining "touch" to include "1a: to bring a bodily part briefly into contact with so as to feel . . . b: to perceive or experience through the tactile sense"). Because Alvarado and the victim could both perceive or experience a tactile sense between Alvarado's hand and the victim's vagina, despite the barrier of the victim's clothing, the State argues a touch therefore occurred, satisfying that requirement of the statute.

When interpreting a statute, we resort to the rules of statutory construction only when there is an ambiguity present. *State v. Gilmour*, 522 N.W.2d 595, 597 (Iowa 1994). "When the text of a statute is plain and its meaning clear, the court should not search for meaning beyond the express terms of the statute." *State v. Tesch*, 704 N.W.2d 440, 451 (Iowa 2005). "Ambiguity arises in two ways—either from the meaning of specific words or 'from the general scope and meaning of the statute when all of its provisions are examined.'" *State v. McCullah*, 787 N.W.2d 90, 94 (Iowa 2010) (citation omitted). Here, we find no ambiguity in section 709.8.

"Absent a statutory definition or an established meaning in the law, we give words used by the legislature their ordinary and common meaning by considering, among other things, the context in which they are used." *State v.*

*Tarbox*, 739 N.W.2d 850, 853 (Iowa 2007). As the State points out, the commonly understood meaning of touch is "to perceive or experience through the tactile sense" or "to bring a bodily part briefly into contact with so as to feel." *See* Webster's Third Int. Dictionary 2415 (2002). Under no definition does the word touch require skin-to-skin contact to occur. One can be touched even though his skin does not come into contact with another person's skin. So long as the person experiences or feels a tactile sensation, a touch has occurred. This definition is also consistent with our supreme court's ruling in *Pearson* where the court determined sexual contact occurs when "(1) the specified body parts or substitutes touch and (2) any intervening material would not prevent the participants, viewed objectively, from perceiving that they have touched." 514 N.W.2d at 455.

We need not compare section 709.8 to other sections in chapter 709 that criminalize the touching of clothing covering certain body parts as the meaning of section 709.8 is unambiguous. *See id.* at 456 (noting we need not resort to the rules of statutory construction "where legislative intent is evident through a reasonable construction of the statute"). The victim testified she felt or experienced Alvarado's hand on her vagina. Alvarado admitted in his police interview that he touched the victim between her legs. It is immaterial that there was clothing in between the two body parts. We conclude section 709.8 does not required skin-to-skin contact to qualify as a touch and, as a result, conclude the evidence is sufficient to sustain Alvarado's conviction.

**AFFIRMED.**