# IN THE COURT OF APPEALS OF IOWA

No. 17-0298
Filed December 20, 2017

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**J.S.,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

　　　J.S. appeals from the order adjudicating him a delinquent child. **AFFIRMED.**

　　　Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant.

　　　Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

　　　Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DOYLE, Presiding Judge.**

J.S. appeals from the order adjudicating him delinquent after the juvenile court determined the evidence showed he committed an act that would have constituted sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3(1)(b) (2015), if he were an adult. *See* Iowa Code § 232.2(12) (defining a delinquent act as the violation "of any state law . . . which would constitute a public offense if committed by an adult"). J.S. contends the evidence is insufficient to show he committed a "sex act" as defined by the statute because the child testified J.S. touched her through her clothing. Because the evidence beyond a reasonable doubt supports a finding that J.S. committed a sex act with a child, we affirm the order adjudicating him a delinquent child.

## I. Background Facts and Proceedings.

The child told her father that J.S. licked her butt while they were watching a movie on television. She repeated the statement to the police officers who investigated the incident. J.S.'s brother, who was in the room at the time of the incident, initially stated that J.S. tried to have sex with the child and had touched the child's "butt with his private parts." The child also told a doctor at the Child Protection Response Center that J.S. had touched her while they watched television. Specifically, when asked what areas of her body J.S. touched, the child said "tongue in ass."[1]

---

[1] The doctor believed the child was indicating that J.S.'s tongue had entered the child's anus but stated that "it wasn't completely clear." Due to the young child's limited language abilities, the doctor explained:

> . . . I had felt the need to go back and re-ask things in different ways to see if her answer was consistent to make sure that she was understanding what I was saying and that I was understanding what she was answering. And I felt that I was following her. After I spent some time with her to be able to

At the adjudication hearing, the child testified that J.S. touched or licked her butt over her clothes. J.S.'s brother testified that he had lied when making his initial statements that J.S. touched the child, claiming he had done so because he had been mad at J.S. J.S. denied any inappropriate contact with the child.

The juvenile court found that despite the discrepancies in the child's account of what occurred, her statements were "not inconsistent" and consistently described contact between J.S.'s mouth and the child's anus. In contrast, the juvenile court found the testimony from J.S. and his brother was not credible. Although the court was unable to conclude that there was skin-to-skin contact between J.S. and the child, it ultimately determined that a sex act occurred by considering it in context:

> [T]his court looks at the circumstances and the very act to determine the sexual nature of the contact. The child actually perceived that her inner butt was being licked by [J.S.]'s tongue. It is impossible to think of a non-sexual purpose for the mouth of one person to come In contact with the inside butt or anal area of a four-year-old child. The child reacted by running to the bathroom and crying. When asked what was wrong, she told her parents she had been licked by [J.S.]. Her reaction spoke to the sexual nature of his act, and her parent's immediate interpretation of her statement also speaks to the obvious sexual nature of the contact.

---

catch on to some of her phonetic difficulties and things like that, I felt that I was able to understand her and that she was understanding what I was asking.

When the doctor asked the child to point out where she had been touched, the child indicated to her anal area.

**II. Scope and Standard of Review.**

We review delinquency proceedings de novo to determine whether the State proved beyond a reasonable doubt the child committed the delinquent act. *See In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). Though we are not bound by the juvenile court's factual findings, we give them weight, especially those concerning witness credibility. *See id.*

**III. Sufficiency of the Evidence.**

A person who performs a sex act with a person under the age of twelve commits second-degree sex abuse. *See* Iowa Code §§ 709.1, 709.3(1)(b). A sex act is defined as:

> sexual contact between two or more persons by any of the following
> 1. Penetration of the penis into the vagina or anus.
> 2. Contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person.
> 3. Contact between the finger or hand of one person and the genitalia or anus of another person . . . .
> 4. Ejaculation onto the person of another.
> 5. By use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

*Id.* § 702.17.

J.S. argues there is insufficient evidence that a sex act occurred because the child testified J.S. touched her over her clothing. However, skin-to-skin contact is not necessary for a sex act to occur. *See State v. Phipps*, 442 N.W.2d 611, 613 (Iowa Ct. App. 1989) ("We hold that a lack of skin-to-skin contact alone does not, as a matter of law, put defendant's conduct outside the definition of "sex act" as found in Iowa Code section 702.17 (1987)."). Rather, "[t]he sexual nature of the contact can be determined from the type of contact and the circumstances

surrounding it." *State v. Pearson*, 514 N.W.2d 452, 455 (Iowa 1994). The sexual nature of the contact may be demonstrated by the fact that no nonsexual purpose of the contact is discernible. *See id.*

Based on the evidence in the record, giving the juvenile court's credibility findings the deference they are due, we find the State proved beyond a reasonable doubt that J.S. committed a delinquent act. Taking into account the circumstances surrounding it, there is no doubt that the conduct the child consistently described was sexual in nature. The act the child described meets the definition of a sex act under section 702.17. Because the evidence beyond a reasonable doubt supports a finding that J.S. committed an act that would be second-degree sexual abuse if committed by an adult, we affirm J.S.'s adjudication a delinquent child.

**AFFIRMED.**